UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MICHAEL JOSEPH HOGAN,
    Plaintiff,

v.                13-CV-1028

MARTY MEREDITH, et. al.,
    Defendants.

## OPINION

    Plaintiff' has filed a motion for the appointment of *pro bono* counsel and has demonstrated reasonable attempts to find counsel on his own. [19]  The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).  As the Seventh Circuit stated in *Pruitt*:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted)*

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements."  *Id.* at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.  The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (*in forma pauperis statute* "'does not authorize the federal courts to make coercive appointments of counsel.'")(*quoted cite omitted*).

    Plaintiff states only that he is unable to find counsel to take his case. [19]  Based on a review Plaintiff's Amended Complaint, the Court concludes that Plaintiff is competent to litigate his own case at this point.  The Plaintiff alleges three Defendants at the Livingston County Jail violated his constitutional rights to meaningful access to the courts when the Defendants refused to provide access to legal materials and prevented the Plaintiff from filing a complaint.   His claim is not complex and the Plaintiff should be able to state what kind of complaint he intended to file and what steps he took to file his lawsuit.  Through simple discovery requests, Plaintiff

should be able obtain copies of any documents or grievances he filed at the jail complaining about the lack of legal materials and his need to file a complaint as well as any responses he received to those complaints.  The Plaintiff may also ask the Defendants in discovery to state what legal materials are available to jail inmates.

       The Plaintiff is reminded he may utilize many of the discovery methods prescribed in the Federal Rules of Civil Procedure.  The Plaintiff should not file his discovery responses with the court, but should instead send them directly to defense counsel.  For instance, the Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33.  The Plaintiff may also submit requests for production of documents to defense counsel.  *See* Fed. R. Civ. P. 34.  If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

       Accordingly, based on the limited information available in the record at this early stage, the Court concludes that Plaintiff appears competent to proceed *pro se*.  Further development of the record may show otherwise.

IT IS THEREFORE ORDERED that Plaintiff's motion for the appointment of counsel is denied.[19]

Entered this 10th day of June, 2013.

                                                s/Michael M. Mihm

                                                MICHAEL M. MIHM
                                       UNITED STATES DISTRICT JUDGE